IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JUANA MARTINEZ,

    Plaintiff,

v.

FRANKLIN COLLECTION SERVICE, INC.,
and DAN FRANKLIN,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, JUANA MARTINEZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Hialeah.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, FRANKLIN COLLECTION SERVICE, INC. ("Defendant FCS"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant FCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, DAN FRANKLIN ("Defendant FRANKLIN"), was an owner/director of Defendant FCS. As an officer, shareholder and/or director of Defendant FCS, Defendant Franklin was responsible for the overall success of the company. Defendant Franklin is a "debt collector" as defined by the FDCPA: he materially participated in collecting debt by occupying a position of critical importance to Defendant FCS's business; as the owner of Defendant FCS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant FCS's affairs and Defendant Franklin continued to play a key role in maintaining and expanding Defendant SCL's debt collection activities throughout the time in question.

9. Defendant Franklin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendants sent Plaintiff initial written communication dated July 19, 2011, in which Defendants stated in relevant part, as follows:

"IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, IF ANY OF CALL (888) 215-8961.

****IT WILL BE PURSUED TO A CONCLUSION****" (See May 2011 correspondence attached hereto as Exhibit "A").

14. Said statements were designed to lead a least sophisticated consumer to believe that payment pursuant to Defendants' terms was necessary to avoid further action, including but not limited to, the imminent initiation of litigation against Plaintiff, rather than a public service, and as such, Defendants' communication overshadowed, and was inconsistent with, the disclosures required during the thirty-day dispute period.

15. In Defendants' letter dated May 7, 2011, Defendants referred to a variety of legal concepts, such as Remedies and Defenses, and asked the Plaintiff to call her attorney.

16. Said statements were designed to lead a least sophisticated consumer to believe that a lawsuit was imminent or was already filed.

17. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692e(2)(A)
## AGAINST DEFENDANT FCS

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendant, FCS, violated 15 U.S.C. § 1692e(2)(A) by using legal terms such as Remedies and Defenses and further advising Plaintiff to contact her attorney, conduct which would lead a least sophisticated consumer to believe that a lawsuit was imminent or was already filed, when no such lawsuit was filed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692E(10)
## AGAINST DEFENDANT FCS

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 15 U.S.C. § 1692e(10) by using legal terms such as Remedies and Defenses and further advising Plaintiff to contact her attorney, conduct which would lead a

least sophisticated consumer to believe that a lawsuit was imminent or was already filed, when no such lawsuit was filed.

  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. §1692g(b)
### AGAINST DEFENDANT FCS

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23. Defendant violated 15 U.S.C. § 1692g(b) by including legal terms in its letter and threatening in bold print that the matter "will be pursued to a conclusion," language which would lead a least sophisticated consumer to believe litigation was imminent, and as such, overshadowed the disclosures required by 15 U.S.C. § 1692g(a) *et seq.* during the thirty-day dispute period.

  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. §1692e(2)(A)
## AGAINST DEFENDANT FRANKLIN

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25. Defendant, Franklin, violated 15 U.S.C. § 1692e(2)(A) by using legal terms such as Remedies and Defenses and further advising Plaintiff to contact her attorney, conduct which would lead a least sophisticated consumer to believe that a lawsuit was imminent or was already filed, when no such lawsuit was filed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT FRANKLIN

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

27. Defendant, Franklin, violated 15 U.S.C. § 1692e(10) by using legal terms such as Remedies and Defenses and further advising Plaintiff to contact her attorney, conduct which would lead a least sophisticated consumer to believe that a lawsuit was imminent or was already filed, when no such lawsuit was filed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. §1692g(b)
## AGAINST DEFENDANT FRANKLIN

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

29.     Defendant, Franklin, violated 15 U.S.C. § 1692g(b) by including legal terms in its letter and threatening in bold print that the matter "will be pursued to a conclusion," language which would lead a least sophisticated consumer to believe litigation was imminent, and as such, overshadowed the disclosures required by 15 U.S.C. § 1692g(a) *et seq.* during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

30. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 4th day of October, 2011.

Respectfully submitted,
**JUANA MARTINEZ**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com